UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Gabrielle J. Tyree, ) | |
| ) | CASE NO. 5:12CV2627 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE JOHN R. ADAMS |
| ) | |
| County of Summit, et al., ) | ORDER |
| ) | |
| Defendants. ) | |
| ) | |

On March 25, 2013, this Court ordered Defendant Andrew Baumann to provide access to his psychotherapy records, finding that he waived any privilege related to those records and events. Later that same day, Baumann filed notice of his interlocutory appeal and sought to stay this Court's order. The motion to stay is DENIED.

This Court may issue a stay pending appeal only after consideration of four factors: (1) whether the party seeking the stay has made a strong showing of likelihood of success on the merits on appeal; (2) whether the moving party will suffer irreparable harm if the stay does not issue; (3) whether issuance of a stay will substantially injure other parties to the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 129 S.Ct. 1749, 1756 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

With regard to the likelihood of success, Baumann has asserted that this Court misconstrued the language of the release he signed with his employer. As the Court note, the release Baumann signed reads as follows:

The above named employee referred to EASE@WORK through this management

> referral understands and acknowledges that he/she is required to attend all scheduled appointments with EASE@WORK.  Employee further acknowledges and understands that County of Summit's Director of Insurance and Risk Management or designee may refer employee to counseling sessions at EASE@WORK in connection with any Fitness for Duty determination by County of Summit, and the Director of Insurance may require the employee to submit to an examination by a physician, psychologist, or other provider recommended by EASE@WORK.  **Employee agrees to submit to such an examination and have the examination results shared with Employer.**

Doc. 51-13 at 2 (emphasis added).  Baumann contends that this release of the results of his examination refers to some additional examination.  Specifically, Baumann contends that:  "The examination referred to is not an examination by the therapist counseling Mr. Baumann but rather an examination that may be required at a later point if, and only if, the Summit County Director of Insurance requires such an examination in regards to a Fitness for Duty determination by a "physician, psychologist or other provider recommended by Ease@Work.'"   Doc. 54 at 2.

The Court finds no merit in this suggested interpretation of the release.   Under Baumann's interpretation, his employer would have no right to know anything other than whether he attended his counseling sessions, but would then somehow be able to refer him to **additional** counseling or treatment based upon that limited information.   Such an interpretation is untenable.

Baumann's proposed interpretation would require the Court to add words to the existing release.  Baumann's suggestion that the release refers to other counseling would mean that the Court would have to add the word "additional" to modify the release as follows:   "may require the employee to submit to an *additional* examination by a physician, psychologist, or other provider recommended by EASE@WORK."   Such a construction is impermissible as a matter of law.

Moreover, the release language is contained below a heading reading "Agreement to Attend Management Referral Sessions."  The paragraph then begins by acknowledging that Baumann understands that he is required to attend all sessions.  The second sentence is then an

acknowledgement that the employer has the right to refer him to counseling sessions.  Contrary to Baumann's contentions, the logical interpretation of this provision is simply that – Baumann acknowledging that his employer can compel counseling.  Baumann's contention that this authorizes some later examination that never occurred finds no basis in the words in the referral form and release.  Accordingly, Baumann has not made a showing of likelihood of success on the merits.

While addressing the merits, the Court pauses to note that Baumann seems to take issue with the fact that this Court resolved the dispute prior to him filing a response.  In so doing, Baumann ignores that the Court was placed on notice of the dispute on March 18, 2013.  Baumann's deposition had been scheduled for March 26, 2013 at 9 a.m. since February 4, 2013.  In the week after the Court was placed on notice of the dispute, Baumann did not file an opposition.  The Court was required to issue its ruling in order to allow the deposition to go forward in a meaningful manner.  The fact that Baumann chose not to respond despite knowledge of the date of his impending deposition was a tactical decision on his part, but not in any manner a deprivation of his process rights.

The Court acknowledges that Baumann may be harmed in the legal sense if no stay is issued.  His medical records will be released and such a release cannot be "undone" if he is successful on appeal.  However, this harm is mitigated by the fact that the Court has ordered that his deposition will remain under seal once it is taken.  Moreover, the Court will order that any and all records produced will not be provided to any third party without a protective order in place.  Accordingly, any harm to Baumann will be minimized.

There will be harm to Plaintiff Gabrielle Tyree if a stay is granted.  As noted above, Baumann is scheduled to be deposed today, March 26, 2013, at 9 a.m.  A stay would result in

either delaying that deposition or the possibility of reopening it at a later date. Moreover, it would be inherently unfair to require Tyree to continue to litigate this matter forward toward motion practice with an uncertainty surrounding whether she would ultimately have access to these records. As a result, the entire matter would likely need to be stayed. In that event, harm would also flow to Defendants Kristen Scalise and Summit County. The lawsuit would remain pending against them for many more months while this Court awaited a ruling from the Sixth Circuit.

Finally, the public interest lies in support of an immediate release of the records. The records were generated through a management referral due to alleged misconduct in the workplace. Baumann was then returned to work following his attendance of the sessions. The content of those sessions was not confidential due to the release Baumann signed, and the content of those sessions is highly relevant to the claims advanced by Tyree. In that sense, Baumann attended roughly five counseling sessions. At the completion of those sessions, the County chose to return him to his employment. Accordingly, the content of those sessions is highly relevant to the claims raised by Tyree against the County.

Accordingly, the factors described above weigh heavily against the issuance of a stay. The motion to stay is DENIED.

IT IS SO ORDERED.


March 26, 2013                              */s/ John R. Adams*_____
Dated                                       JUDGE JOHN R. ADAMS
                                            United States District Judge